NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-969

COMMONWEALTH

vs.

LANCE HULLUM.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the denial of his postconviction motion to dismiss the indictments against him.  For the reasons described below, we affirm.

Background.  The matter before us has a rather long and complicated procedural history which is helpful to understanding the case and the narrow issue before us.  The docket sheet shows as follows:  on December 2, 2020, almost four years ago, the defendant filed a motion for deoxyribonucleic acid (DNA) testing and analysis pursuant to G. L. c. 278A.  On March 18, 2021, the Commonwealth filed a motion to enlarge time to file a response to defendant's motion for DNA testing and analysis.  This was allowed, and on April 2, 2021, the Commonwealth filed a

"[m]emorandum to assist the court in its evaluation of whether the Defendant[']s motion for DNA testing and analysis should be dismissed without a hearing," which is an evaluation required by G. L. c. 278A, § 3 (e). Under § 3 (e), "[t]he prosecuting attorney may provide a response to the motion, to assist the court in considering whether the motion meets the requirement under this section." On June 18, 2021, almost three years ago, a judge of the Superior Court issued a thorough and thoughtful nine-page opinion that took into consideration both the defendant's filings and the Commonwealth's filing, described by the judge as "argu[ing] that the defendant's motion failed to meet the requirements of G. L. c. 278A, §§ 2 and 3." The judge wrote "the defendant's Motion for DNA Testing and Analysis Pursuant to G. L. c. 278A, § 3, is ALLOWED."

To some extent, the issues addressed before us appear to derive from substantial confusion between the parties based on the language of the judge's order stating that the motion under § 3 was "allowed." Although at first blush it might appear that that is exactly what the judge did -- which is how the defendant appears to understand the proceedings below -- in fact,

> "Chapter 278A creates a two-step procedure for requesting DNA testing or analysis. First, a threshold determination is made by the court in which the conviction was entered as to whether the motion meets the preliminary criteria set forth in G. L. c. 278A, § 3. If those criteria are met, a hearing 'shall' be conducted pursuant to G. L. c. 278A, §§ 6 and 7, to determine whether a petitioner has

2

established by a preponderance of the evidence sufficient facts for a judge to order DNA testing or further discovery."

Commonwealth v. Wade, 467 Mass. 496, 501 (2014).

As to ultimately allowing a motion, G. L. c. 278A, § 3 (e), provides that "[t]he court shall notify the moving party and the prosecuting attorney as to whether the motion is sufficient to proceed under this chapter or is dismissed."  Section 4 (b) provides that

> "If the motion is not dismissed by the court under subsection (e) of section 3, the prosecuting attorney shall file a response with the court within 60 days after the date upon which the court issues notice under said subsection (e) of said section 3, and shall simultaneously serve the response on the moving party.  The prosecuting attorney may request additional time in which to file the response, which the court may grant for good cause shown."

G. L. c. 278A, § 4 (b).  Section § 7 (a) of the statute provides for what the Supreme Judicial Court has described as an "evidentiary hearing," Wade, 467 Mass. at 503, and states:

> "After reviewing the motion, the prosecuting attorney's response and after holding a hearing, the court shall state findings of fact and conclusions of law on the record, or shall make written findings of fact and conclusions of law that support the decision to allow or deny a motion brought under section 3."

G. L. c. 278A, § 7 (a).

The filing by the Commonwealth was captioned consistent with the language in § 3 (e), and the substantive conclusion of the judge's June 18, 2021 order was "the court concludes that the defendant's motion satisfies the required elements of G. L.

3

c. 278A, § 3."  We conclude therefore that, as the Commonwealth argues, despite the use of the word "allowed," the judge's June 18, 2021 order in fact made only the step-one determination.

The second step appears not yet to have been undertaken. Following the judge's June 18, 2021 order, the Commonwealth moved for reconsideration.  On October 12, 2021, the defendant filed a motion to dismiss the indictments, purportedly pursuant to G. L. c. 278A, §§ 16 and 17, and Mass. R. Crim. P. 13 (a) (2) and (4), as appearing 442 Mass. 1516 (2004).  It is that motion that primarily concerns us.

On December 20, 2021, six months after the June 18, 2021 order, the judge denied the Commonwealth's motion for reconsideration, but allowed a motion to enlarge time for the Commonwealth to file its response under G. L. c. 278A, § 4.  On that date, the Commonwealth was given sixty days.  The Commonwealth sought yet another enlargement on February 14, 2022, which was allowed until April 7, 2022.  On that date, the § 4 response was finally filed.

On June 24, 2022, the judge held a hearing, described in the docket as "an argument regarding the Pending DNA motions." The Commonwealth describes it as the first part of the postconviction DNA hearing, but it does not appear to have been an evidentiary hearing at all.  The docket states that after the hearing the judge sought

4

"supplemental filings.  Counsel for the defendant will file a supplemental motion under 278A seeking additional comparative testing and may also file a supplement to his motion to dismiss.  Those motions to be filed by August 19, 2022.  Commonwealth may file a response to either or both and those responses will be due on September 9, 2022.  No next date is chosen for this case.  Court will schedule a hearing date if necessary following the filings stated above."

A year later, on June 2, 2023, the judge entered an endorsement on the motion to dismiss the indictments stating, "Motion DENIED.  Rule 13 Motions are Pretrial Motions.  Defendant pled guilty on 11/27/90.  Other Motions were Post Conviction Motions.  The requested remedy of dismissal is not available under 278A, 16 and 17."  For aught that appears in the record, no hearing has been held on the § 3 motion, nor has it been finally ruled on.

Eighteen days after the denial of the motion to dismiss, the defendant filed a timely notice of appeal.  That is the appeal before us.  On that date the defendant also filed a motion for reconsideration on the basis that denying relief without findings of facts would hamper appellate review.  The passage of more than ten days meant that the finality of the order was not suspended by the filing of the motion.  Mass. R. A. P. 4 (a) (1) and (2) (c), as appearing in 481 Mass. 1606 (2019).  In denying the motion for reconsideration, the judge again noted that

5

"The denial of the defendant's current motion does not prohibit him from filing a Motion to Vacate the Plea pursuant to Rule 30 of the Massachusetts Rules of Criminal Procedure.  This Rule is often used to attac[k] the validity of past pleas or trials.  This Rule is, in fact, entitled Post Conviction Relief."[1]

Discussion.  Much of the defendant's appeal addresses his motion under § 3.  He appears to believe that the motion was allowed on June 18, 2021, but that either that order was never enforced, or the judge denied the § 3 motion after having initially allowed it.  He also makes some arguments about the § 4 filing made by the Commonwealth.

As noted above, the only appeal before us is an appeal from the denial of the motion to dismiss the indictments.  Although some of our cases discuss the possibility of appealing from a failure of a judge to act on a motion, see Crooker v. Superintendent, Mass. Correctional Inst., Norfolk, 19 Mass. App. Ct. 315, 317 n.2 (1985), there is nothing to show that the defendant did that here.

To be sure, following the June 18, 2021 order, in the ordinary course, after receipt of the Commonwealth's § 4 filing, an evidentiary hearing should have been held under G. L. c. 278A, § 7.  That appears not to have been done, though we have not seen the various filings considered at the June 24,

---

[1] The defendant did not appeal from the denial of the motion for reconsideration.

2022, hearing, nor the arguments made there.  By noting this, we do not mean to suggest that the judge has been anything but careful and thoughtful in his handling of this case.  In any event, not only is the delay in the process not before us, the remedy of relief for any delay in the proceedings that should follow the June 18, 2021 order must be sought, in the first instance, in the Superior Court.

This brings us to the argument the defendant makes about dismissal of the indictments.  He argues that dismissal of the indictments was warranted due to the loss, destruction, or failure to disclose evidence, including what he describes as an admitted switch of DNA samples.

We need not and do not reach the merits of this claim, because we agree with the motion judge that neither rule 13 nor G. L. c. 278A provide for dismissal of indictments as a postconviction remedy.  The judge therefore did not abuse his discretion in denying the motion to dismiss the indictments.  As the judge subsequently noted, his decision is without prejudice to the defendant filing a proper motion for such relief under

7

Mass. R. Crim. P. 30, as appearing 454 Mass. 1501 (2001), which may be brought at any time.

Order denying motion to
dismiss indictments
affirmed.

By the Court (Rubin,
Desmond & Singh, JJ.[2]),

*Paul Little*

Clerk

Entered:  December 4, 2024.

---

[2] The panelists are listed in order of seniority.